UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Poling, et al.

    v.                                            Civ. No. 24-cv-97-JL

Two Rivers Mobile Home Coop.,
Board Members

### REPORT AND RECOMMENDATION

Self-represented plaintiffs Arley J. Poling, Michael A. Davis and Vickie Parent, proceeding in forma pauperis, have filed a complaint (Doc. No. 1) naming the Two Rivers Mobile Home Coop,[1] and its past and present board members as defendants. The complaint is before the court for preliminary review pursuant to LR 4.3(d)(2) and 28 U.S.C. § 1915(e)(2).

### Preliminary Review Standard

The magistrate judge conducts a preliminary review of pleadings, like the one in this case, that are filed in forma pauperis.  See LR 4.3(d).  The magistrate judge may recommend to the district judge that one or more claims be dismissed if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915(e)(2); LR 4.3(d).  In conducting its preliminary review, the court construes pro se complaints liberally.  See Erickson

---

[1] The court assumes "Coop" is shorthand for "Cooperative," but uses the plaintiffs' naming for clarity.

v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). The court treats as true all well-pleaded factual allegations, and construes reasonable inferences in plaintiff's favor. See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

## **Factual Background**

The plaintiffs allege that they are being harassed and are facing eviction, from which they seek relief in this court. The complaint does not detail the nature of the alleged harassment, other than the landlord "keeps changing the rules" and that the landlord "does not like" one of the plaintiffs.

## **Legal Analysis**

A.  Subject Matter Jurisdiction

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" Gun v. Minton, 568 U.S. 251, 256 (2013) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). The plaintiff has the burden to establish the court's jurisdiction. Calderón-Serra v. Wilmington Trust Co., 715 F.3d 14, 17 (1st Cir. 2013).

To invoke this court's subject matter jurisdiction, plaintiffs must allege either that their claims raise a federal

question, in that the cause of action arises under federal law, or that this court has diversity jurisdiction over the matter. See 28 U.S.C. § 1331 (federal question) and § 1332 (diversity). To establish diversity jurisdiction, plaintiff must assert that the parties are citizens of different states, see id. at § 1332(a)(1), and that the amount in controversy in this action exceeds $75,000. See id. at § 1332(b).

The complaint in this case seems to assert only a state-law landlord-tenant claim. Thus, the only basis upon which the court could exercise subject matter jurisdiction is through diversity. To establish diversity jurisdiction, the plaintiffs must show that the parties are citizens of different states and that the amount in controversy is more than $75,000. See 28 U.S.C. § 1332. "[D]iversity jurisdiction requires 'complete diversity of citizenship as between all plaintiffs and all defendants.' This means that diversity jurisdiction does not exist where any plaintiff is a citizen of the same state as any defendant." Alvarez-Torres v. Ryder Mem'l Hosp., Inc., 582 F.3d 47, 53–54 (1st Cir. 2009) (citations omitted). Here, the face of the complaint indicates that the plaintiffs and defendants -- their landlord -- are New Hampshire citizens. In addition, the complaint lacks any facts to suggest that the amount in controversy exceeds $75,000. As these allegations fail to

3

satisfy the requirements of diversity jurisdiction, the court lacks subject matter jurisdiction.

## Conclusion

For the foregoing reasons, this case should be dismissed for lack of subject matter jurisdiction, without prejudice to the plaintiffs' ability to re-file the lawsuit in state court.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Only those issues raised in the objection(s) to this Report and Recommendation are subject to review in the district court. See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010). Any issues not preserved by such objection(s) are precluded on appeal. See id. Failure to file any objections within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

**SO ORDERED.**

_____
Andrea K. Johnstone
United States Magistrate Judge

April 16, 2024

cc: Arley J. Poling, pro se
    Michael A. Davis, pro se
    Vickie Parent, pro se